**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEBORAH A. KENNING,
as the Personal Representative
of the Estate of ROBERT ALLAN CORTES,

      Plaintiff,

v.                                                                              Case No.  8:13-cv-2187-T-30TGW

OFFICER DANIEL CARLI,
Individually;
OFFICER JORDAN HERNANDEZ,
Individually; and
CITY OF LAKELAND, Florida,

      Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Officer Daniel Carli, Officer Jordan

Hernandez, and the City of Lakeland's (collectively "Defendants") Motion to Dismiss,

Motion to Strike, or Motion for a More Definite Statement (Dkt. # 12) and Plaintiff

Deborah A. Kenning's Response (Dkt. # 13).  Upon review, the Court concludes the

Defendant's Motions should be denied in part and granted in part as stated herein.

The Plaintiff seeks damages from the loss of her son, Robert Cortes, under

alternative theories of common law battery and deprivation of civil rights, 42 U.S.C. §

1983.  The Plaintiff alleges in her Complaint that the City of Lakeland Police Department

Officers Carli and Hernandez unlawfully took her son's life during an incident that

occurred at his home.

**Dismissal of Common Law Battery Claim**

The Defendants argue the common law battery claim against the City of Lakeland is subject to dismissal pursuant to Florida Statutes § 768.28(9). The Plaintiff alleges in this count that the amount of force Defendants Hernandez and Carli used against Cortes was "unreasonable and unnecessary" and "excessive." The Statute states that the City shall not be liable in tort for the acts of officers "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28. The Defendants argue that the allegations of unreasonable, unnecessary, and excessive force put this claim within the scope of acts for which the City of Lakeland has immunity under the Statute.

The Court concludes the Plaintiff's allegations of unreasonable, unnecessary, and excessive use of force falls within the realm of negligent conduct. Since the Plaintiff has not alleged "bad faith" or a "malicious purpose" on behalf of the Officers, it is appropriate for the Plaintiff on this count to assert a claim of liability against the City of Lakeland. In conclusion, the Defendants' Motion to Dismiss the Battery Count against the City of Lakeland should be denied.

**Motion to Strike**

Defendants move to strike the Plaintiff's claim for attorney's fees as it pertains to the battery count against the City of Lakeland. The Defendants argue that 42 U.S.C. § 1988 does not apply to the battery count and there is no alternative source from which the Plaintiff could request attorney's fees. The Plaintiff argues that she asked for attorney's

fees "where permitted by statute or contract."  Plaintiff argues this request for relief should remain because there is a possibility of collecting attorney's fees after an offer of judgment pursuant to Florida Statute § 768.79.  With respect to the battery count against the City, Defendant is correct because there is no present right to fees under Section 768.79. Accordingly, to the extent Plaintiff requests attorney's fees against the City for battery, said request is hereby stricken.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion to Dismiss, Strike, or for a More Definite Statement (Dkt. #12) is DENIED in part and GRANTED in part as stated herein.

DONE AND ORDERED in Tampa, Florida, on this 20th day of November, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2187 mtd 12.docx